**Jose Medrano (SBN 325825)**
**Medrano Law Firm, APC**
**27240 Turnberry Ln, Suite 200**
**Valencia, CA 91355**
**Telephone: (818) 208-5767**

**Counsel for Petitioner**
**Youssouf Dit Nabelou Ouologuem**
**Aka Youssouf Ouologuem**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Youssouf Ouologuem,<br>Alien # 241-040-691,<br><br>*Petitioner*,<br><br>v.<br><br>Todd Blanche, U.S. Attorney General;<br><br>Markwayne Mullin, Secretary of the U.S. Department of Homeland Security;<br><br>Fereti Semaia, Facility Administrator, Adelanto ICE Processing Center;<br><br>Andre Quinones, ICE Field Office Director of the Los Angeles Field Office,<br><br>*Respondents* | Case No. 5:26-cv-5186<br><br>**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>IMMIGRATION HABEAS CASE |

## INTRODUCTION

1. Youssouf Dit Nabelou Ouloguem (Petitioner) by and through his undersigned counsel, hereby files this petition for a writ of habeas corpus challenging his unlawful detention. Petitioner is in the physical custody of Respondents at the Adelanto ICE Processing Center in Adelanto, California.
2. Petitioner was detained by Immigration and Customs Enforcement (ICE) on August 21, 2026 shortly after landing at the Los Angeles International Airport (LAX) in a domestic flight from Houston, Texas. On that same date, ERO Los Angeles initiated removal proceedings pursuant to 8 U.S.C. § 1227(a)(1)(C).
3. Petitioner has lived continuously in the United States since June 26, 2019 when he was admitted into the country as a student on an F1 visa.
4. Petitioner has no criminal history.
5. Petitioner seeks a writ of habeas corpus requiring immediate release from custody.

## JURISDICTION

6. Jurisdiction is proper and relief is available pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (original jurisdiction), 5 U.S.C. § 702 (waiver of sovereign immunity), 28 U.S.C. § 2241 (habeas corpus

jurisdiction), and Article I, Section 9, clause 2 of the United States Constitution (the Suspension Clause).

7. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

8. Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493- 500 (1973), venue lies in the United States District Court for the Central District of California, the judicial district in which Petitioner is currently detained.

9. Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Central District of California.

## PARTIES

10. Petitioner Youssouf Dit Nabelou Ouologuem is 29-year-old native and citizen of Mali. He was arrested by ICE agents on August 21, 2026, in Los Angeles, California after arriving at the Los Angeles International Airport in a domestic flight from Houston, Texas to attend a work conference. He is currently detained at the Adelanto ICE Processing Center.

11. Respondent Todd Blanche, the Attorney General, is the highest-ranking official within the Department of Justice (DOJ). Respondent Blanche is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103. Respondent Blanche is sued in his official capacity to the extent that 8 U.S.C. § 1102 gives him authority to interpret immigration law and adjudicate removal cases.

12. Respondent Markwayne Mullin, the Secretary of the Department of Homeland Security (DHS), is the highest-ranking official within the DHS. Respondent Mullin, by and through his agency for the DHS, is responsible for the implementation of the INA, and for ensuring compliance with applicable federal law. Respondent Mullin is sued in his official capacity as an agent of the government of the United States.

13. Respondent Fereti Semaia is the Facility Administrator at the Adelanto ICE Processing Center and is in charge of Petitioner's place of custody. He is a legal custodian of Petitioner and is sued in his official capacity.

14. Respondent Andre Quinones is the Field Office Director of Immigration and Customs Enforcement for Los Angeles, California. He oversees the custody of all Immigration and Customs Enforcement detainees at the Adelanto ICE Processing Center. Respondent Quinones is a legal custodian of Petitioner and is sued in his official capacity as an agent of the government of the United

States.

## STATEMENT OF FACTS

15. Petitioner was born on January 2, 1997 in Mali. He is a native and citizen of Mali.

16. Petitioner has been continuously present in the United States since June 26, 2019 when he entered the United States as a student on an F1 visa.

17. Petitioner subsequently filed for asylum on March 14, 2023.

18. Petitioner's wife is on OPT status, and has a United States citizen son.

19. Petitioner is the primary caregiver for his wife and son.

20. Petitioner currently holds employment at Invoca as an Agentic AI Analyst.

21. Petitioner has no criminal history.

22. Petitioner was detained by ICE on August 21, 2026 in Los Angeles, California shortly after landing at LAX in a flight from Houston, Texas. ICE agents presented no warrant for his arrest. Petitioner is now detained at the Adelanto Detention Center in Adelanto, California.

23. Petitioner was placed in removal proceedings pursuant to 8 U.S.C. § 1229a on August 21, 2026. In his Notice to Appear, he was charged as deportable under 8 U.S.C. § 1227(a)(1)(C) for allegedly failing to maintain or comply with the conditions of his nonimmigrant status. Petitioner's removal proceedings are ongoing before the Adelanto Immigration Court.

24. Petitioner is being unlawfully detained.

## LEGAL BACKGROUND

25. The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3). A district court has jurisdiction under section 2241 "to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020); *see Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

26. Under Ninth Circuit precedent, while 8 U.S.C. § 1226(e) limits judicial review of the government's discretionary judgment regarding a noncitizen's application for bond, that section does *not* strip federal courts of "traditional habeas jurisdiction," or jurisdiction over constitutional claims or questions of law. *See, e.g., Martinez v. Clark*, 124 F.4th 775, 781 (9th 2024).

27. The "equitable and flexible nature of habeas relief" affords district courts significant discretion over the appropriate remedies for violations of law and the Constitution. *Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020); *see also Schlup v. Delo*, 513 U.S. 298, 319 (1995) ("[H]abeas corpus is, at its core, an equitable remedy"). This Court should order a remedy that fully

addresses the statutory and constitutional violations in this case and is efficient to administer. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (the habeas statute "does not limit the relief that may be granted to discharge of the applicant from physical custody. Its mandate is broad with respect to the relief that may be granted").

28. Release is the customary remedy in habeas proceedings. *See* 28 U.S.C. § 2243 (the habeas should shall "dispose of the matter as law and justice require."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (finding "that the traditional function of the writ is to secure release from illegal custody"). The most appropriate remedy in a case like this, where Petitioner is being detained in violation of due process, is release on recognizance without further conditions of release. *See Ambroladze v. Maldonado*, No. 26-CV-00474 (HG), 2026 WL 280182, at *3 (E.D.N.Y. Feb. 3, 2026) ("the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release").

29. In the alternative, the habeas court can hold its own custody hearing and determine whether ICE can prove by clear and convincing evidence that Petitioner must remain in custody, or whether he may be released on recognizance, an appropriate bond in light of his ability to pay, or supervised release. *See L.G.M. v. LaRocco*, 788 F.Supp.3d 401, 405-07 (E.D.N.Y. 2025)

(ordering a bond hearing held by the habeas court, as this would be more efficient than delegating the task to the agency and ensure proper constitutional oversight).

## FIRST CLAIM FOR RELIEF

### Petitioner's Arrest without a Pre-detention Hearing Violates His Right to Procedural Due Process under the Fifth Amendment

30. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraph.

31. The Fifth Amendment provides that "[n]o person shall . . . be deprived of . . . liberty . . . without due process of law." U.S. Const. amend. V. All persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," are entitled to protection under this provision of the Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

32. "Freedom from imprisonment— from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Id*. at 690; *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi*

*v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

33. Generally, the Due Process Clause "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original).

34. In *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Supreme Court established three factors for a court to consider for purposes of determining what process is constitutionally sufficient to protect a liberty interest: the private interest that will be affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* at 335; *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022) (applying *Mathews* to due process challenge to immigration detention, and noting that "*Mathews* remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context"); *López v. Wofford*, Case No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) (collecting cases extending *Mathews* "to the context of immigration detention").

35. Petitioner has resided in the United States for seven (7) years. During that

time, he has lived at a stable address and maintained gainful employment. He has no criminal history. He is currently in ongoing removal proceedings in Immigration Court.

36. Accordingly, Petitioner's liberty interest in remaining out of custody is protected under the Due Process Clause. *See e.g., Cruz v. Lyons*, Case No. 5:25-cv 02879-MCS-MBK, 2025 WL 4051129, at *3 (C.D. Cal, Nov. 6, 2025) (finding the petitioner had a protectable liberty interest in remaining on supervised immigration release); *C.A.R.V. v. Wofford*, Case No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *10 (E.D. Cal. Nov. 1, 2025) (finding the petitioner had a constitutionally protected liberty interest in remaining out of ICE custody based on the "approximately four years on parole" preceding his re-detention).

37. Pursuant to the holding in *Mathews*, Petitioner should have been afforded a hearing prior to being detained. Petitioner has a substantial private interest in remaining free from detention, living in his home with his family, engaging in employment and generally participating in the community, all while out of custody. *See C.A.R.V.*, 2025 WL 3059549, at *10 ("As to private interest, during his approximately four years on parole, C.A.R.V. obtained permission to work, pursued gainful employment, and built a relationship with his fiancé and many others in his community. . . . Petitioner has a substantial private

interest in being out of custody and his detention denies him that liberty interest.”).

38. The absence of a pre-detention hearing under these circumstances presents an unacceptable risk that the government would erroneously deprive Petitioner of his liberty interest. Civil immigration detention is permissible only to prevent flight or reduce the risk of danger to the community. *Zadvydas*, 533 U.S. at 690-91. There is no indication that Petitioner poses a risk of flight or a danger to the community.

39. As for the third *Mathews* factor, the government made no argument as to why Petitioner should be detained. Moreover, “any fiscal or administrative burden on the additional procedural safeguard of a hearing before neutral adjudicator imposes on the Government is at most minimal’[.]” *Sun v. Santa Cruz*, Case No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted).

40. There is a great risk that the lack of a pre-detention process has resulted in Petitioner’s unnecessary detention. *See Mourey v. Bowen*, Case No. 5:25-cv-03262-WLH (DTB), 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) (“Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing.”), *report and recommendation adopted*, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026).

## SECOND CLAIM FOR RELIEF

**Petitioner's Arrest without a Warrant Violates 8 U.S.C. § 1226(a)**

41. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

42. Immigration officials must first obtain an administrative warrant before effectuating the civil arrest of a noncitizen. *See Arizona v. U.S.*, 567 U.S. 387, 408 (2012) ("If no federal warrant has been issued, those officers have more limited authority.").

43. Pursuant to 8 U.S.C. § 1226(a), the arrest of a noncitizen must be made "[o]n a warrant issued by the Attorney General." *Id*. "Under the [Immigration and Nationality Act], an officer may conduct a warrantless immigration arrest only if the officer '"has reason to believe that [1] the alien so arrested is in the United States in violation of any . . . law or regulation and [2] is likely to escape before a warrant can be obtained for his arrest.'" *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30 (D.D.C. 2025) (quoting 8 U.S.C. § 1357(a)(2)).

44. Pursuant to 8 C.F.R. § 287.8(c)(2)(i)-(ii), "an arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien

illegally in the United States," and "that the person is likely to escape before a warrant can be obtained."

45. Although 8 U.S.C. § 1357(a)(2) uses the phrase "reason to believe," this has been construed to be "the equivalent of probable cause," since "aliens in this country are sheltered by the Fourth Amendment in common with citizens[.]" *Au Yi Lau v. U.S. Immigr. & Naturalization Serv.*, 445 F.2d 217, 222 23 (D.C. Cir. 1971); *see also Tejeda-Mata v. Immigr. & Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980) ("The phrase 'has reason to believe' [in § 1357] has been equated with the constitutional requirement of probable cause."). "Put simply, immigration enforcement officers may conduct a warrantless civil immigration arrest only if they have probable cause to believe that a person is both in the United States unlawfully and an escape risk." *Escobar Molina*, 811 F. Supp. 3d. at 30.

46. Petitioner does not believe that he was presented with a warrant prior to his arrests.

47. Petitioner contends that there are no facts to support his warrantless arrest because Respondents did not have probable cause to believe that he posed a risk of escape. Petitioner has lived in the United States for seven (7) years, has no criminal history, supports his family through steady employment, and had a pending asylum application before being detained by ICE. *See Escobar*

*Molina*, 811 F. Supp. 3d at 31 ("Courts have also made the self-evidence findings that the likelihood of escape is lower when the individual has resided in the country for a lengthy period of time and has strong community ties."); *United States v. Pacheco Alvarez*, 227 F. Supp. 3d 863, 890 (S.D. Ohio 2016) (finding no flight risk where the defendant had a stable job, lived with his fiancé, and helped her pay the rent on their home, and helped her raise her two kids).

48. Respondents violated 8 U.S.C. § 1226(a) when they arrested Petitioner without a valid administrative warrant and without probable cause to believe that he posed a risk of escape.

49. Petitioner contends that his "release is necessary to return him to the status quo." *Nazarian v. Noem*, Case No. 5:25-cv-KK-DSR, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210(9th Cir. 2000) (internal quotation marks omitted).

**<u>THIRD CLAIM FOR RELIEF</u>**

**Petitioner's Detention Violates His Fourth Amendment Against Unreasonable Seizure**

50. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

51. Subjecting an individual to an unreasonable arrest without probable cause is a violation of the Fourth Amendment. *Sanchez v. Sessions*, 904 F.3d 643 (9th Cir. 2018).

52. Petitioner was not presented with a warrant for his arrest at the time Respondents took him. He did not try to flee or abscond. He did not present a flight risk or a danger, and his arrest by Respondents was unreasonable and constitutes a violation of the Fourth Amendment.

## FOURTH CLAIM FOR RELIEF

### Petitioner's Ongoing Detention Violates His Due Process Rights

53. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

54. According to the Federal Court of Regulations, ICE must make a determination within 48 hours of arresting a noncitizen whether the individual will remain in custody or released on bond or recognizance. See 8 C.F.R. § 287.3(d).

55. In certain cases, non-citizens may be subject to mandatory detention. These include circumstances in which an individual has been convicted of certain criminal offenses or has been deemed an "arriving alien." If the individual is eligible for release, ICE is supposed to assess the individual's flight and public safety risk profile.

56. Here, Petitioner is not subject to mandatory detention. *See Rodriguez Vasquez v. Bostock et.al.*, No. 25-6842 (9th Cir. 2026).

57. Because he is not subject to mandatory detention, ICE should have conducted a custody determination within 48 hours of Petitioner's arrest in which it considers whether Petitioner is a danger or a flight risk. ICE arguably did not conduct such a review because it is clear that Petitioner's detention is unjustified.

58. Due process requires "adequate procedural protections" to ensure that the government's asserted justification for physical confinement "outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id*. at 690 (internal quotation marks omitted). In the immigration context, the Supreme Court has recognized only two valid purposes for civil detention – to mitigate the risks of danger to the community and to prevent flight risk. *Id.*; *Demore v. Kim*, 538 U.S. 510, 528 (2003).

59. The Fifth Amendment entitles noncitizens to due process in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993).

60. The Constitution establishes due process rights for "all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693,

121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

61. Petitioner may only be held in detention if the government establishes by clear and convincing evidence that he is a danger to the community and a flight risk. *Martinez v. Clark*, 124 F.4th 775, 780 (9th Cir. 2024).

62. The government cannot meet its burden in establishing that Petitioner is a danger to the community because he has never been arrested or convicted of any crime.

63. The government also cannot meet its burden in establishing that Petitioner is a flight risk because he has not sustained any further immigration violations apart from overstaying his permitted stay under his F1 status, had a pending asylum application up to the moment of his arrest by ICE, and his removal proceedings are ongoing.

64. The government cannot meet its burden in establishing that Petitioner is a danger to others or flight risk.

65. Due process requires that Petitioner be released from ICE detention.

## **FIFTH CLAIM FOR RELIEF**

### **Petitioner's Detention Violates the Administrative Procedure Act, U.S.C. § 706(2)**

66. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

67. Under the Administrative Procedure Act, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," that is "contrary to constitutional right [or] power," or that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A)-(C).

68. Respondents excuse for arresting Petitioner was his SEVIS-related status violation.

69. Petitioner's detention is arbitrary, capricious, an abuse of discretion, and violates the INA and the Fifth Amendment in violation of 5 U.S.C. § 706(2).

## I. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court take jurisdiction over this matter and grant the following relief:

a. Assume jurisdiction over this matter;

b. Order that Petitioner be immediately released from immigration detention;

c. Order that Respondents be restrained from re-detaining Petitioner for any purpose, without providing notice and a pre-detention hearing before an immigration judge;

d. Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

e. Grant any other and further relief that this Court deems fit and proper.

**RESPECTFULLY SUBMITTED this 8th day of September, 2026**

**/s/ Jose Medrano**
Attorney Jose Medrano
Medrano Law Firm, APC
27240 Turnberry Ln, Suite 200
Valencia, CA 91355
(O) (818) 208-5767
(E) medrano@medranoimmigration.com
**ATTORNEY FOR PETITIONER**

**VERIFICATION**

I, Jose Medrano, declare as follows:

I am an attorney admitted to practice law in the State of California.

Because many of the allegations of this Petition require a legal knowledge not possessed by Petitioner, I am making this verification on his behalf.

I have read the foregoing Petition for Writ of Habeas Corpus and know the contents thereof to be true to my knowledge, information, or belief.

I certify under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 8, 2026.

s/ Jose Medrano
Attorney Jose Medrano
Medrano Law Firm, APC
27240 Turnberry Ln., Suite 200
Valencia, CA 91355
(O) (818) 208-5767
(E) medrano@medranoimmigration.com

**ATTORNEY FOR PETITIONER**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2026, I served a copy of this Petition for Writ of Habeas Corpus by email to the following individual:

Daniel Beck
Acting Chief of the Civil Division
U.S. Attorney's Office
300 N. Los Angeles St., Ste. 7516
Los Angeles, CA 90012-3341
Email: Daniel.Beck@usdoj.gov

s/ Jose Medrano
Attorney Jose Medrano
Medrano Law Firm, APC
27240 Turnberry Ln., Suite 200
Valencia, CA 91355
(O) (818) 208-5767
(E) medrano@medranoimmigration.com

**ATTORNEY FOR PETITIONER**