**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

YOUSSOUF OUOLOGUEM,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 5:26-cv-05186-RAO

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Youssouf Ouologuem ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") on September 8, 2026. Dkt. No. 1 ("Pet."). Petitioner claims, *inter alia*, that his current immigration detention at Adelanto Processing Center in Adelanto, California violates his Fifth Amendment due process rights, Fourth Amendment rights against unreasonable seizure, Section 1226(a) of the Immigration and Nationality Act, and the Administrative Procedure Act. Pet. at 8-18. Petitioner seeks relief in the form of immediate release. *Id.* at 18.

The Petition states that Petitioner is a citizen of Mali. *Id.* at 3, 5. Petitioner has been continuously present in the United States since June 26, 2019, when he entered as a student on an F1 visa. *Id*. at 5. Petitioner applied for asylum in March

2023. *Id*. He is married and has a United States citizen son; he is employed and has no criminal history. *Id*. Immigration and Customs Enforcement (ICE) agents arrested him on August 21, 2026, at Los Angeles International Airport after Petitioner's arrival on a domestic flight from Houston, Texas. *Id*. Petitioner was placed into removal proceedings and given a Notice to Appear, which states that he is deportable under 8 U.S.C. § 1227(a)(1)(C). *Id*.. His removal proceedings are ongoing. *Id*.

Respondents filed their Answer to the Petition on September 15, 2026. Dkt. No. 7 ("Ans."). Respondents oppose the Petitioner's request for immediate release, stating that this is Petitioner's first detention as a nonimmigrant visa overstay. Ans. at 2. Citing to the Form 1-213, Record of Deportable/Inadmissible Alien, *see* Dkt. No. 7-1, the Answer notes that Petitioner was admitted on an F-1 visa and his F-1 admission status was terminated on January 27, 2021. *Id*. Respondents acknowledge that under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), Petitioner is entitled to receive an initial bond hearing. *Id*. at 2-3.

Petitioner did not file a Reply.

The Court finds that Petitioner's detention without a bond hearing violates due process. "The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "It is well-established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citation omitted). Due process protections extend to noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent," and those subject to a final order of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id*. at 690.

The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Petitioner's due process claim is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. CV 25-1884-TLN (SCR), 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). The Court analyzes each step in turn.

Relevant to the facts here, the Court finds that Petitioner has a private interest in remaining free, but as other courts have noted, "[a]lthough Petitioner has a private interest in remaining free, he does not possess the same liberty interest as noncitizens who were previously detained and released pursuant to conditional release or parole." *Jemna v. Warden of Otay Mesa Detention Center*, 2026 WL 788172, at *5 (S.D. Cal. Mar. 16, 2026).

Given Petitioner's protected liberty interest, the Court must determine what procedural protections are due to protect that liberty interest. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). This requires balancing the three factors the Supreme Court set forth in *Mathews*. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*.

Under *Mathews*, the Court concludes that Petitioner has a substantial interest in remaining out of immigration custody, and there is a significant risk of erroneous

deprivation because Petitioner has not been afforded a meaningful opportunity to contest his current detention. *See Diep v. Wofford*, No. CV 24-1238-SKO (HC), 2025 WL 604744, at *5 (E.D. Cal. Feb. 25, 2025) (concluding that the risk of an erroneous deprivation of Petitioner's protected liberty interest "is high" where "[h]e has not received any bond or custody redetermination hearing" (citing *Jimenez v. Wolf*, No. CV 19-7996 (NC), 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020)). Lastly, Respondents' interest in re-detaining Petitioner without notice and a hearing is low. District courts have observed that bond hearings impose minimal burden on the government. *See Singh v. Barr*, 400 F. Supp. 3d 1005, 1021–22 (S.D. Cal. 2019); *Hilario M.R. v. Warden*, No. CV 24-998-EPG (HC), 2025 WL 1158841, at *9 (E.D. Cal. Apr. 21, 2025)). Moreover, Respondents do not oppose a bond hearing pursuant to Section 1226(a). Ans. at 2-3.

Thus, the Court concludes that the *Mathews* factors militate in favor of Petitioner. The Court must decide what the appropriate relief is. *See Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."); *Carballo v. Andrews et al.*, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (similar). As noted, Petitioner requests that the Court order his immediate release, however, the Court finds that the specific harm Petitioner suffered—unlawful detention without a pre-deprivation hearing—is remedied by ordering Respondents to provide Petitioner a bond hearing. *See S.E. v. Noem*, No. CV 26-356-DAD (SCR), 2026 WL 206085, at *4 n. 3 (E.D. Cal. Jan. 27, 2026) ("Based on the court's *Mathews* analysis, the court has determined that a post-deprivation bond hearing is the appropriate remedy at this stage of these proceedings."); *see also Doe*, 787 F. Supp. 3d at 1096 (similar). Other courts have found in similar circumstances that a bond hearing pursuant to Section 1226(a) provides sufficient procedural safeguards. *See Jemna*, 2026 WL 788172, at *3, *5 (finding the *Mathews* factors showed entitlement to a bond

hearing under Section 1226(a) where petitioner was a visa overstay).

Accordingly, the Court grants in part the Petition and enjoins Respondents from continuing to detain Petitioner unless he is provided with a bond hearing before an immigration judge pursuant to Section 1226 of the Immigration and Nationality Act. *See E.C. v. Noem*, No. CV 25-1789-RFB (BNW), 2025 WL 2916264, at *12 (D. Nev. Oct. 14, 2025) ("Given Petitioner's liberty interest is at stake, the Court finds that if a bond hearing is not provided promptly, within seven days of this Order, Petitioner's continued detention would violate his due process rights." (collecting cases)); *Diep*, 2025 WL 604744, at *5 (similar).

For the reasons discussed above, IT IS ORDERED that:

(1) the Petition is GRANTED IN PART as to Count Four (Fifth Amendment due process rights) and dismissing as moot the remaining claims in the Petition;

(2) Respondents are ENJOINED from continuing to detain Petitioner unless he is provided with a constitutionally adequate bond hearing before an immigration judge within seven (7) days of this Order where the government shall bear the burden of establishing that Petitioner poses a danger to the community or risk of flight; and

(3) Respondents are ordered to file a status report substantiating compliance within 14 days of the Court's Order.

DATED: September 21, 2026

/s/

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE